IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

SEAN M. CARTER                            *

    Plaintiff,                               *

    v.                                        *       3:09-CV-651-MEF
                                                        (WO)

DEPARTMENT OF CORRECTIONS -  *
HEADQUARTERS,
                                                  *

    Defendant.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Detention Center, files this complaint with the court pursuant to 42 U.S.C. § 1983 once again alleging a violation of rights, privileges, or immunities afforded him under the Constitution or laws of the United States.[1] Plaintiff names the Department of Corrections Headquarters as the defendant. Plaintiff seeks injunctive relief. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Since June 18, 2009 Plaintiff has filed in this court six complaints under § 1983.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

In his complaint, Plaintiff alleges that he is being forced into practices against his beliefs where the named defendant is "[k]nown for forcing . . meat . . on plaintiff daily . . . along with forcing plaintiff into cutting his organ (hair) which is forbidden in the Holy Bible . . . Kilby an entity of 'the department' is known and have a history of beating, whipping, hanging, and killing inmates as well as doing worst [sic] to inmates for their belief." (*Doc. No. 1 at 3*.)

Plaintiff's complaint against the Alabama Department of Corrections Headquarters ["ADOC"] is due to be dismissed. The ADOC is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's complaint against the Alabama Department of Corrections Headquarters is due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Even had Plaintiff named a proper defendant, the undersigned finds that Plaintiff's allegations appear to concern fears about what may occur if and/or when is transferred to the custody of the ADOC. Jurisdiction cannot be premised upon mere speculation. *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985). Moreover, Plaintiff's mere supposition that he ***may*** at some time in the future receive unfavorable treatment by prison custodians is insufficient to state a claim on which relief may be granted in a § 1983 action. *Conner v.*

*Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986) (plaintiff's subjective belief harm may occur fails to implicate a constitutionally protected interest); *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979) ("[T]he injury which his pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened."). Thus, to the extent Plaintiff's complaint alleges claims of possible future adverse action, such claims are subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as they are purely speculative and fail to implicate any constitutional right to which Plaintiff is entitled.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **July 29, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 16th day of July, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE